UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GUY JENKINS )<br>) | NO. 3:20-CR-38 |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted an initial appearance and arraignment, immediately followed by plea hearing, in this case on June 19, 2020. At the hearing, the parties orally moved to amend the plea agreement to:

1) correct paragraph 1(a) on the first page of the plea agreement to reflect Mr. Jenkins's agreement to plead guilty to conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A);

2) correct paragraphs 3(a)(1) and (4) on the second page of the plea agreement to reflect that the elements of the offense set out in involve 50 grams or more of actual methamphetamine; and

3) correct paragraph 4(b) on the third page of the plea agreement to eliminate the phrase "sometimes on a weekly basis" from the last sentence.

Therefore, I **RECOMMEND** that the plea agreement be amended as such.

In accordance with the amended plea agreement, Mr. Jenkins waived his right to an indictment and entered a plea of guilty to Count One of the Information, that is, conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A), and Count Two of the Information, that is, being

1

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), in exchange for the undertakings made by the government in the amended plea agreement.

On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice.

I further **RECOMMEND** that Mr. Jenkin's guilty plea as to Count One of the Information, that is, conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A), and Count Two of the Information, that is, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), be accepted and the Court adjudicate Mr. Jenkins guilty of the charge in Count One of the Information, that is, conspiracy to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(A), and the charge in Count Two of the Information, that is, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

I further **RECOMMEND** that Mr. Jenkins remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).